Whaley, Judge,
delivered the opinion of the court:
By Senate resolution of June 21, 1910, there was referred to this court for action in accordance with the Tucker Act, act of March 3, 1887 (24 Stat. 505), the claim of “certain Government contractors,” Senate bill 8533 (61st Cong., 2d sess.). Senate bill 8533 proposed the relief of these contractors, builders of torpedo boats and torpedo-boat destroy *480 ers authorized by the act of Congress approved May 4,1898, in certain amounts, included in whom was the plaintiff herein, in the amount of $171,519.21, “ being the difference between the actual cost of said boats to their respective builders and the amount paid them under their contracts.”
Plaintiff’s case was docketed by the court under number 15014 Cong. Considerable testimony was taken and documentary evidence filed, and on the proof thus adduced the ■court has made the foregoing special findings of fact.
This case, among others, had been heard and passed upon by the Ramsay Board, who reported thereon to the Secretary of the Navy April 9, 1902. Therein, as appears by Senate Document No. 112 (58th Cong., 2d sess.), the board-showed the actual costs as reported by the plaintiff to be:
Paul Jones_ $355, 950. 65
Perry_ 355, 930.28
Preble_ 354,720. 08
Total _ 1,066,600.99
It will be noted that the Ramsay Board, reported before these three vessels were completed, delivered, and accepted. Hence, the cost of $1,066,600.99 is an estimate.
The report of the Ramsay Board, and the recommendation of the Navy Department thereon, are contained in ■Senate Document No. 112, above referred to.
At the time of reference to this court June 21, 1910, and when petition was filed herein, December 18, 1910, the act •of March 3, 1887 (24 Stat. 505), under which the claim was referred, was in force, and section 14 thereof, id. 507, in connection with section 1 of the act of March 3, 1883 (22 Stat. 485), provided that: “When the facts shall have been found, the court shall not enter judgment thereon, ■but shall report the same to the committee or to the house by which the case was transmitted for its consideration.”
On March 3, 1911, (36 Stat. 1087), was enacted the Judicial Code, section 151 whereof, id. 1138, provided that where the court had jurisdiction to enter judgment, it should proceed to do so, reporting its proceedings to the house ■that had referred the case.
*481 The claim is one founded upon a contract with the Government of the United States (section 145, Judicial Code) and within the general jurisdiction of this court. The’ cause or causes of action accrued more than six years before either the claim was transmitted to the court by the Senate or petition was filed in court, and the claim is therefore barred by section 156 of the Judicial Code. Were the court to base its judgment on the merits, the petition would still have to be dismissed, since the facts show no breach of contract, and none is alleged. The plaintiff is not entitled to either legal or equitable relief. The claim is one for a gratuity.
Whether plaintiff is to have relief from its loss, and the amount of relief, if any, is therefore solely within the wisdom and sound discretion of the Congress.
It is ordered that the special findings of fact and conclusion of law, and the foregoing opinion of the court, be transmitted to the Senate, in accordance with the act of March 3, 1911, 36 Stat. 1087, 1138 (section 151 of the Judicial Code, section 257, title 28, of the United States Code) r amending the act of March 3, 1887, 24 Stat. 505, 507.
"Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, OMef Justice, concur.